**Petition for Writ of Mandamus Denied and Dissenting Memorandum Opinion filed July 18, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00489-CV**

---

## IN RE PAULA GIST, INDIVIDUALLY AND AS HEIR TO J. STEVEN GIST, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 68377**

---

## DISSENTING MEMORANDUM OPINION

Persisting in my view that our duty as judges is to reach a decision on the merits based on a proper record and that due process and due course of law require that this court give notice when the original-proceeding record does not comply with the Texas Rules of Appellate Procedure, I would give relator notice of involuntary dismissal for failure to comply with Texas Rules of Appellate Procedure 52.3(j) requiring a certification that the petition is supported by

competent evidence  included in the appendix or record and 52.7(a) requiring (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. Tex. R. App. P. 52.7(a); *see In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding); *see also* Tex. R. 52.3(k)(1) (necessary contents of petition) Tex. Civ. Prac. & Crim. Code Ann. § 132.001 (authorizing unsworn declarations). A checklist for these requirements for petitions in original proceedings is available on this court's website.

I dissent from the court's failure to provide notice and an opportunity to cure. I express no opinion on the merits of the petition for a writ of mandamus.


/s/     Charles A. Spain
        Justice


Panel consists of Justices Wise, Bourliot, and Spain.